## CIRCUIT COURT OF FAIRFAX COUNTY

Edmund J. Singer

v.

Alice F. Singer

January 26, 1993

Case No. (Law) 115582

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court upon appeal of a judgment of the General District Court on a Summons for Unlawful Detainer filed by a husband against his wife demanding sole possession of the marital home. Evidence was presented on January 14, 1993, and the Court took the matter under advisement.

The evidence reveals that the marital home in question was purchased by Edmund J. Singer in his sole name in June, 1980, and that he did not marry the defendant, Alice F. Singer, until June, 1990. The title to the property has never been changed; however, the parties hereto occupied the premises as the marital abode. On or about March 11, 1992, the husband caused a "Notice to Terminate Tenancy at Will" to be delivered to the wife demanding that she vacate the home by March 31, 1992. Her failure to leave resulted in the filing of this action on April 3, 1992.

The evidence is vague on the alleged residence of the husband in March and April of 1992, except that he testified that he moved out prior to the General District Court hearing (May 15, 1992). In either late May or late July it is uncontroverted that he moved back into the house in question and remained there until the evening of January 13, 1993, when he stayed at an apartment he had leased for a term of thirty days commencing January 12, 1993. This hearing was on January 14, 1993, approximately twenty-four hours after he left the house in question.

There are two legal issues raised in this case: May a husband evict a wife from real estate which is titled in his sole name; and, if so, may a husband exercise such a right while in joint possession of the real estate with the wife? The issues will be addressed in turn.

There is no question that a person may continue to hold title in his or her sole name despite marrying at a later date. This is expressly acknowledged in our so-called "Equitable Distribution Act" where the Court is required to "determine the legal title as between the parties" (Code of Virginia § 20–107.3(A)) and is expressly prohibited from ordering "the division or transfer of . . . marital property which is not jointly owned." Code of Virginia § 20–107.3(c).

The Married Woman's Act set forth the principle that the wife has the right to hold property separate from her husband, and therefore, husband and wife are separate legal entities with their separate legal rights. Code of Virginia § 55–35 *et seq.* As stated in *Edmonds v. Edmonds*, 139 Va. 652 (1924), at page 662: "One of the incidents of ownership of land is the power to dispossess anyone who is wrongfully in possession or occupancy of it, or who is in possession of it without the authority of the owner."

The *Edmonds* case is controlling here. In that case, the wife was the sole title owner of real property which had been used as the marital home for nine years, after which time she deserted her husband and, approximately two or three months later, instituted an unlawful detainer action to recover possession of the real estate. In applying the Married Woman's Act, the Supreme Court ruled that "she may sue her husband as if he were a stranger." Further, "his right to curtesy and his marital rights give him no more power or authority over his wife's property than if he were a total stranger." *Id.* at 658. The same principle frequently has been applied to the husband. The answer to the first issue is clear: A husband may institute a suit to evict a wife from real estate which is titled in his sole name.

The second issue, however, requires a closer reading of the same case. In its analysis, the Supreme Court stated:

> It follows that a husband in Virginia may be a trespasser upon his wife's lands *whenever she is not occupying them* [emphasis added] . . . [and] that she may dispossess him if he is in possession . . . .

> It is difficult . . . to see how the husband, under our statute,
> can have any right of occupancy of the wife's real estate
> *unless she resides upon it.* [Emphasis added.]

*Id.* at 658.

Thus, public policy requires a right of access by one spouse to the other during a marriage, and a limited right to go upon, and remain upon the property exists so long as there is a joint occupancy. "If she is not on the premises, his right of occupancy, his right of ingress and egress, would seem to cease, if she withholds her consent to his going there." *Id.* at 660.

The Court finds that in order for a husband to exercise his right to evict a wife, he must establish that he is not residing upon the real estate in question. This does not require a specific period of separation, nor is the question of fault, i.e. desertion, an issue.

Having determined the legal principles to be applied, the Court looks to the evidence in this case. Mr. Singer contends that he has established a separate residence and that he has a lease to prove it. Thus, as he is not residing upon the property in question and owns the property in his sole name, he argues that he is entitled to evict Mrs. Singer and regain possession. The Court does not agree. The evidence as a whole does not establish that Mr. Singer does not maintain a residence at the house in question. To the contrary, the evidence is overwhelming that Mr. Singer left the house with the intent to return, and that his "vacating" or "abandoning" or "changing" of his residence is a sham. His statement that on both occasions he moved out for fear of his personal safety is incredible and unsupported by his actions and the other facts.

The Court finds its judgment for the Defendant, Alice F. Singer.